**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>PAUL ZABALA,<br>　　　　Defendant. | Case No. 11-cr-00594-BLF-1<br><br>**ORDER DISMISSING MOTION WITH LEAVE TO AMEND** |

Presently before the Court is Defendant Paul Zabala ("Zabala")'s motion pursuant to 28 U.S.C. § 2255 challenging the conviction and sentence imposed by this Court in the criminal matter captioned above. Having reviewed Zabala's motion in conjunction with the Court's docket, the Court DISMISSES Zabala's motion with leave to amend.

**I. BACKGROUND**

On March 29, 2012, Zabala pled guilty pursuant to a written plea agreement to two counts of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and one count of conspiracy thereto in violation of 21 U.S.C. § 846. ECF 35. Judgment was imposed on July 24, 2012 and Zabala was thereafter sentenced to a prison term of 180 months, later reduced to 155 months. *Id.*; ECF 43, 61. Zabala applied for leave to file second or successive 28 U.S.C. § 2255 in the Ninth Circuit Court of Appeals in June 2016, which the Ninth Circuit denied as unnecessary because a first § 2255 motion was not filed in the district court. ECF 64. Zabala's proposed motion was then transferred to this Court and deemed filed on June 21, 2016. *Id.*

## II. DISCUSSION

### A. Standard of Review

A prisoner in custody under sentence of a federal court who wishes to attack collaterally the validity of his conviction or sentence must do so by filing a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the court which imposed the sentence. 28 U.S.C. § 2255(a). Under 28 U.S.C. § 2255, the federal sentencing court is authorized to grant relief if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *See Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). If the court finds that relief is warranted under § 2255, it must "vacate and set the judgment aside" and then do one of four things: "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b); *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999).

### B. Defendant's Claims

The Court will now conduct an initial review to determine whether Zabala's motion presents a cognizable claim for relief and requires a response by the government.

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts, provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

As grounds for relief, Zabala alleges that his sentence was erroneously enhanced citing to 18 U.S.C. § 924(c)(3)(b) and *Johnson v. United States*, 135 S. Ct. 2551 (2015). Mot. 4, ECF 64-1. Zabala's application to the Ninth Circuit also mentions in passing that Zabala "plans to challenge all his prior convictions used to enhance his sentence and appellate counsel's ineffectiveness for failing to challenge the prior convictions during direct appeal. Mot., Appl. IV. However, in the

2

memorandum in support of his § 2255 motion, Zabala provides no ineffective assistance of counsel claims and identifies no appellate proceedings to be challenged here. In fact, there has been no appellate proceeding with respect to this case other than his recent application to the Ninth Circuit to file a successive § 2255 motion. Not only is this motion deficient in its allegations to support any ineffective assistance of counsel claim, it also appears to be time-barred. 28 U.S.C. § 2255(f) imposes a one-year statute of limitation for all motions brought under the statute. However, the Johnson claim appears to have been timely filed. The Court recognizes that the bar of the statute of limitations is an affirmative defense and thus the dismissal is not based on that apparent deficiency. This dismissal with leave to amend is based solely on the inadequacy of the factual allegations to support a claim.

It appears plainly from the face of the motion and the record that Zabala is not entitled to relief. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (holding that the district court may enter an order for the summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court") (citation omitted). In the Indictment filed on August 26, 2011, Zabala was charged with conspiracy to possess with intent to distribute and to distribute 50 grams or more of methamphetamine (Count 1), in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(vii); aiding and abetting of possession with intent to distribute 5 grams or more of methamphetamine (Count 2), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii); and aiding and abetting of possession with intent to distribute 50 grams or more of methamphetamine (Count 3), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii). Indictment, ECF 1.

On March 29, 2012, Zabala pled guilty to all three counts of the Indictment. Plea Agreement, ECF 35. The plea agreement, however, states no conviction for possessing a firearm and the government did not seek an enhancement under 21 U.S.C. § 851 or "Career Offender" status for Zabala. *See generally id.*; *id.* ¶ 7. At Zabala's sentencing on July 12, 2012, this Court concluded that Zabala's total adjusted offense level was 29 and that he had a criminal history category VI. ECF 41, 59. The resulting advisory guideline sentence range was 151 to 188 months incarceration. Zabala's drug conviction required a mandatory minimum sentence of 120 months

3

on Counts 1 and 3. This Court initially sentenced Zabala to a guideline sentence of 180 months incarceration on each of the three counts, all terms running concurrently. ECF 41. After the U.S. Sentencing Commission added Amendment 782, reducing by two levels the offense levels assigned to drug quantities in §2D1.1, Zabala moved to reduce his sentence on October 20, 2014. ECF 49; *see United States v. Aguilar-Canche*, 835 F.3d 1012, 1015 (9th Cir. 2016) (noting that Amendment 782 amended the drug-quantity table in U.S.S.G. § 2D.1.1). Pursuant to the parties' stipulation, the Court reduced the sentence to 155 months. ECF 61.

The holding in *Johnson* is inapplicable under the facts of this case. First, the sentence Zabala received on July 12, 2012 reflects no enhancement. *See* Sentence Reduction Investigation Report, ECF 59; Plea Agreement. The sentence was also not based on the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), or its equivalent in 18 U.S.C. § 924(c)(3)(B). *See also* 18 U.S.C. § 924(e)(2)(B); Plea Agreement (showing that no enhancement was sought). Instead, Zabala's sentence was the result of application of the guideline range established for the crimes of conviction, Zabala's criminal history category of VI, and a total offense level of 29,[1] resulting in the recommended guideline range was 151 to 188 months. ECF 59; *see* United States Sentencing Commission, Guidelines Manual, Sentencing Table, Ch. 5, Pt. A (Nov. 2014).

Second, when this Court re-sentenced Zabala on June 2, 2015, the ACCA or 18 U.S.C. § 924 also played no part. Specifically, because of the drug-quantity table was changed by Amendment 782, Zabala's total offense level was reduced to 27 and the guideline range was recalculated to be 130 to 162 months. The Court then re-sentenced Zabala to 155 months. Therefore, the *Johnson* decision is inapplicable here, and Zabala's claim fails.

To the extent Zabala challenges the constitutionality of the calculation of his criminal history to determine the proper guideline range, the claim is also without merit. *Johnson* invalidates the ACCA enhancements which are not at issue here. In this case, Zabala seeks to apply the same due process challenge to the guideline ranges. However, the Supreme Court's recently ruling in *Beckles v. United States* forecloses this basis for challenging the guideline

---

[1] Zabala had a base offense level of 32, minus 3 for acceptance of responsibility, resulting in a total offense level of 29. ECF 59.

4

sentence. 137 S. Ct. 886, 892 (2017). *Beckles* held that "the Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Id.* The Supreme Court reasoned that unlike the ACCA, "the advisory Guidelines do not fix the permissible range of sentences" but "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* Accordingly, the guidelines are exempt from vagueness challenge due to its advisory nature.

In light of the discussion above, it appears that Zabala's motion should be summarily dismissed pursuant to § 2255(b). The Court therefore provides an opportunity for Zabala to amend his motion in order to state meritorious claims. *See Spychala v. Borg*, 875 F.2d 871 (9th Cir. 1989) (noting that "[t]he exercise of [the court's] discretion to dismiss requires only that possible and meaningful alternatives be reasonably explored, bearing in mind the drastic foreclosure of rights that dismissal effects") (citation omitted).

### III. CONCLUSION

For the foregoing reasons, the Court hereby DISMISSES this motion with leave to amend.

If Zabala does not, **on or before June 8, 2017**, file an amended motion based on claims warranting relief, the Court will issue a final order dismissing the motion with prejudice without further notice. No hearing will be held unless otherwise ordered by the Court.

**IT IS SO ORDERED.**

Dated: April 27, 2017

BETH LABSON FREEMAN
United States District Judge